## G. L. DeRussy *v.* S. Davis and the Police Jury of the Parish of Natchitoches.

*Where the President of the Police Jury sold at public auction the lease of a ferry for one year, with a privilege for five years, which privilege the purchaser announced at the sale he availed himself of, it was held, that the contract was not binding on the parish, because the President had transcended the power given to him by the Police Jury.*

APPEAL from the District Court of the Parish of Natchitoches, *Chaplin, J. A. H. Pierson,* for plaintiff and appellant. *Safford & Chaplin,* for defendants.

Spofford, J.  The plaintiff sued out an injunction against the defendants to prevent them from infringing a ferry privilege.  He contends that he had lawfully leased from the parish of Natchitoches the exclusive right to keep a public ferry across the Red River, at Grand Ecore, for the term of five years, from the 1st of January, 1856, and complains that the defendants, in January, 1858, commenced running another ferry at that place, in violation of his vested right.

The district judge dissolved the injunction for defects in the plaintiff's title, and he has appealed.

By the Act of March 15th, 1855, (Sess. Acts, p. 368,) the Police Juries of the several parishes were empowered to lease the ferries within their respective parishes for any number of years, not to exceed five.  They were previously empowered to establish ferries, and *annually* let them to farm, to the highest bidder. Acts 1813, p. 156.

By a resolution of June 9th, 1847, the Police Jury of the parish of Natchitoches determined, that on the adjudication of public ferries, the purchasers thereof should have the privilege of extending their lease for the time of five years, on their complying annually with the terms and conditions of the sale.

But on the 3d September, 1851, this resolution was expressly repealed by the Police Jury, and the president thereof was required to sell the public ferries, deliverable on the 1st January next succeeding the adjudication, and to be kept for one year from that time of delivery.

This rule seems to have been in force at the date of the lease to the plaintiff, *DeRussy.*  It is true the *President* of the Police Jury actually sold the lease for one year, with a privilege for five, and that, in bidding, the plaintiff announced that he availed himself of the privilege.  But the President of the Police Jury had no right to transcend the power given him by the ordinance, which was not itself in violation of law.  The Police Jury, it thus appears, did not authorize a sale for five years, but, on the contrary, prohibited it.  Nor is the evidence sufficient to show a subsequent ratification of the unauthorized act of the President. The district judge properly declined to assess damages in favor of defendants.

The judgment is, therefore, affirmed.